IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YODLE, INC., | : |
|     Plaintiff, | :    CIVIL ACTION |
| v. | :    No. 09-CV-05966 |
| RONALD POUSSON, LOCAL INTERNET DOCTORS, INC., FRANK NORRIS, DANIEL MOUSETIS, and CHRISTOPHER ESGRO, | : |
|     Defendants. | : |

## TEMPORARY RESTRAINING ORDER

AND NOW, this 16th day of December 2009, upon consideration of the papers submitted to the Court by Yodle, Inc. ("Yodle"), and Yodle having represented to the Court that it provided notice of its Motion for a Temporary Restraining Order to Defendants by telephone and by serving copies of its papers by electronic mail, IT IS HEREBY ORDERED THAT Plaintiff's Motion for a Temporary Restraining Order is GRANTED.

The Court finds and decides as follows:

1.    Yodle will be immediately and irreparably harmed by the actual or threatened disclosure and use of its confidential business information and trade secrets as well as its other property.

2.    Yodle will be immediately and irreparably harmed by the continued breaches by Pousson, Mousetis and Esgro of their Restrictive Covenants.

3.    Yodle will be immediately and irreparably harmed by the continued conversion of its property.

4. The balance of harm and public interest favor the entry of this Order because it is narrowly tailored to prevent immediate and irreparable harm to Yodle and any harm to Defendants is far outweighed by the continued harm to Yodle if the Order were not granted.

WHEREFORE, Defendants are temporarily restrained and enjoined as follows:

(i) Pousson, Mousetis and Esgro are hereby temporarily restrained from engaging or assisting others in engaging in any business or enterprise, including Local Internet Doctors, Inc., that develops, manufactures, markets, licenses, sells or provides any product or service that competes with any product or service developed, manufactured, marketed, licensed, sold or provided, or planned to be developed, manufactured, marketed, licensed, sold or provided, by Yodle while they were employed by Yodle;

(ii) Pousson, Mousetis and Esgro are hereby temporarily restrained, either alone or in association with others, from diverting or taking away, or attempting to divert or take away, the business or patronage of any of the clients, customers, or business partners of Yodle;

(iii) Pousson, Mousetis and Esgro are hereby temporarily restrained, either alone or in association with others, from soliciting, inducing, or attempting to induce, any employee or independent contractor of Yodle to terminate his or her employment or other engagement with the Company, or from hiring or engaging any such employee or independent contractor;

(iv) Defendants, and any persons in active concert or participation with them, are hereby temporarily restrained from acquiring, soliciting, disclosing, or using for any purpose, any information and know-how, whether or not in writing, of a private, secret or confidential nature concerning Yodle's business or financial affairs ("Proprietary Information"), whether that Proprietary Information was obtained during the Defendants' employment with Yodle or

otherwise. By way of illustration, but not limitation, Proprietary Information may include discoveries, inventions, products, product improvements, product enhancements, processes, methods, developments, plans (including business and marketing plans), research data, clinical data, financial data (including sales costs, profits and pricing methods), personnel data, computer programs (including software used pursuant to a license agreement), customer, prospect and supplier lists, and contacts at or knowledge of customers or prospective customers of Yodle;

(v) Defendants, and any persons in active concert or participation with them, are hereby temporarily restrained from logging into or otherwise accessing any Yodle computer system, including Yodle Live;

(vi) Defendants are enjoined from discarding, destroying, altering, erasing or tampering with any document or electronic or digital file, or electronic or digital storage device, until all documents and electronic files relating to Yodle are returned or turned over to counsel for Yodle;

(vii) Notice and copies of this Order are to be served upon Defendants via email and overnight mail on December 16, 2009;

(viii) This Temporary Restraining Order shall continue in full force and effect for a period not to exceed ten (10) days or such other time as shall be directed by the Court or agreed upon by the Parties; and

(ix) A Preliminary Injunction hearing is scheduled for December 18, 2009 at 10:00 a.m. at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania in Courtroom 4A.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 65(c), Yodle shall give security in the amount of $100,000.

BY THE COURT:

/s/ Thomas N. O'Neill, Jr.
Thomas N. O'Neill, Jr.
Senior United States District Judge