IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YODLE, INC., | : |
|     Plaintiff, | : CIVIL ACTION |
| v. | : No. 09-CV-05966 |
| RONALD POUSSON, LOCAL INTERNET DOCTORS, INC., FRANK NORRIS, DANIEL MOUSETIS, and CHRISTOPHER ESGRO, | : |
|     Defendants. | : |

## JUDGMENT AGAINST DEFENDANT RONALD POUSSON

It is hereby ORDERED that the following stipulated Judgment be entered against Defendant Ronald Pousson ("Pousson") as follows:

1. Judgment hereby enters against Pousson on all claims brought against him in Plaintiff Yodle, Inc.'s Verified Complaint.

2. Pousson shall pay Yodle, Inc. ("Yodle") an undisclosed monetary sum. Otherwise, Yodle and Pousson shall bear their own costs and each waive any rights of appeal as against one another.

3. An injunction shall enter against Pousson as follows:

(a) Until January 31, 2011, Pousson may not engage or assist others in engaging in any business or enterprise, including Local Internet Doctors, Inc., that develops, manufactures, markets, licenses, sells or provides any product or service that competes with any product or service developed, manufactured, marketed, licensed, sold or provided, or

planned to be developed, manufactured, marketed, licensed, sold or provided by Yodle, while he was employed by Yodle.

(b) Until January 31, 2011, Pousson may not, either alone or in active concert or participation with others, divert or take away, or attempt to divert or take away, the business or patronage of any of the clients, customers, or business partners of Yodle.

(c) Until January 31, 2011, Pousson may not, either alone or in active concert or participation with others, solicit, induce, or attempt to induce, any employee or independent contractor of Yodle to terminate his or her employment or other engagement with Yodle, or hire or engage any such employee or independent contractor.

(d) Pousson is permanently enjoined from acquiring, soliciting, disclosing, or using for any purpose, any information and know-how, whether or not in writing, of a private, secret or confidential nature concerning Yodle's business or financial affairs ("Proprietary Information"), whether that Proprietary Information was obtained during his employment with Yodle or otherwise. By way of illustration, but not limitation, Proprietary Information may include discoveries, inventions, products, product improvements, product enhancements, processes, methods, developments, plans (including business and marketing plans), research data, clinical data, financial data (including sales costs, profits and pricing methods), personnel data, computer programs (including software used pursuant to a license agreement), customer, prospect and supplier lists, and contacts at or knowledge of customers or prospective customers of Yodle.

(e) Pousson is permanently enjoined from logging into or otherwise accessing any Yodle computer system or database, including Yodle Live.

4.  Pousson shall immediately return all property, documents or material belonging to Yodle or which includes Yodle's Confidential Information, including but not limited to any electronic equipment (computers, PDAs, cellphones, etc.), company keys or access cards, company policies, customer/client lists, sales records, agreements or information, and disks, CDs, DVDs or other electronic storage devices.

So Ordered,

_____
Thomas N. O'Neill, Jr.
Senior United States District Judge

Dated: February 5, 2010